1   MARK VRANJES, Esq. (SBN 106447)
    mvranjes@gvgllp.com
2   CHARLES A. PHILLIPS, Esq. (SBN 120692)
    cphillps@gvgllp.com
3   **GRIMM, VRANJES & GREER LLP**
    550 West C Street, Suite 1100
4   San Diego, CA  92101-3532
5   Tel: (619) 231-8802 Fax: (619) 233-6039

6   Attorneys for Plaintiff  SWISS RE INTERNATIONAL SE,
    SUCCESSOR IN INTEREST TO ZURICH SPECIALTIES
7   LONDON, LTD (HEREINAFTER ZSLL)

8                       **UNITED STATES DISTRICT COURT**

9            **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  SWISS RE INTERNATIONAL SE, | Case No.:   3:16-cv-00863-SI |
| 12  SUCCESSOR IN INTEREST TO ZURICH SPECIALTIES LONDON, LTD | |
| 13                    Plaintiff, | STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND DISMISSAL WITH PREJUDICE |
| 14             v. | Complaint filed: February 22, 2016 |
| 15  COMAC INVESTMENTS, INC. SIRIUS | Trial Date: None set |
| 16  AMERICA INSURANCE COMPANY AS | Senior District Judge Susan Illston |
| 17  SUCCESSOR IN INTEREST TO | Courtroom 1 |
| 18  MUTUAL SERVICE CASUALTY INS. CO; 200-298 PORTOLA DRIVE | |
| 19  HOMEOWNERS' ASSOCIATION, AND DOES 1-100, inclusive, | |
| 20                    Defendants. | |
| 21 | |

22                **STIPULATED ORDER AND FINAL JUDGMENT**

23

24          On February 22, 2016 Plaintiff SWISS RE INTERNATIONAL SE, SUCCESSOR IN

25   INTEREST TO ZURICH SPECIALTIES LONDON, LTD (HEREINAFTER ZSLL) filed its

26   Complaint for Declaratory Relief, Reimbursement, Contribution, and Equitable Subrogation.

27   On July 28, 2016 Plaintiff ZSLL filed its Motion for Partial Summary Judgment against

28
                                         1

1   defendant COMAC INVESTMENTS, INC. ("COMAC") and defendant 200-298 PORTOLA

2   DRIVE HOMEOWNERS' ASSOCIATION ("PORTOLA"). The Motion for Partial Summary

3   Judgment sought an order determining ZSLL does not have, and never did have a duty to

4   defend or indemnify COMAC in an underlying action brought by PORTOLA against COMAC

5   entitled *200-298 Portola Drive HOA v. Comac Investments, Inc.*, filed in San Francisco

6   Superior Court Case No. CGC-14-541154 ("Underlying Action"). After consideration of the

7   moving and opposing papers, and oral argument, the court issued an Order on September 27,

8   2016 determining ZSLL does not have, and never did have a duty to defend or indemnify

9   COMAC for the claims made in the underlying case. A copy of the court's Order is attached

10   hereto as Exhibit 1.

11

12   The parties to the case have now stipulated to resolve the remaining matters in dispute

13   in this action and for entry of final judgment pursuant to the terms of this stipulation.

14   It is hereby stipulated between ZSLL and PORTOLA that a final judgment be entered

15   on ZSLL's Complaint pursuant to the court's order on the Motion for Partial Summary

16   Judgment. ZSLL stipulates it will not seek costs from PORTOLA, and PORTOLA stipulates

17   that it will waive all rights to appeal or otherwise challenge or contest the court's order on the

18   Motion for Partial Summary Judgment.

19

20   As to the Third Cause of Action for reimbursement of defense fees and costs against

21   COMAC, ZSLL hereby dismisses the Third Cause of Action against COMAC, COMAC in

22   exchange agrees to entry of Final Judgment pursuant to the court's order on the Motion for

23   Partial Summary Judgment and agrees it will not appeal, challenge or contest the court's order

24   on the Motion for Partial Summary Judgment. Further ZSLL and COMAC agree to waive any

25   costs or fees they might otherwise be entitled to.

26   As to defendant SIRIUS AMERICA INSURANCE COMPANY AS SUCCESSOR IN

27   INTEREST TO MUTUAL SERVICE CASUALTY INS. CO. ("SIRIUS"), ZSLL sued it on

28

2

STIPULATION AND [PROPOSED] ORDER                                    3:16-cv-00863-SI
FOR ENTRY OF JUDGMENT AND DISMISSAL

1    alternative claims for Contribution, Equitable Subrogation and Declaratory Relief in the event

2    it was not successful on its action for Declaratory Relief against COMAC and PORTOLA.

3    Pursuant to the court's order on the Motion for Partial Summary Judgment that claim is now

4    moot, and ZSLL and SIRIUS have entered into a stipulation for a dismissal with prejudice of

5    the Fourth, Fifth and Sixth Causes of Action, which named only SIRIUS, in exchange for a

6    waiver of costs by SIRIUS.

7
         ZSLL, COMAC, PORTOLA and SIRIUS stipulate to entry of this Final Judgment and
8
     order to resolve in this action between them.
9

10        NOW THEREFORE, plaintiff and defendants, having requested the court to enter this

11   order and the court having considered the order, IT IS HEREBY ORDERED, ADJUDGED

12   AND DECREED AS FOLLOWS:

13                                    **FINDINGS**

14        1.    The court has jurisdiction over this matter.

15

16        2.    The Complaint alleges that ZSLL never had a duty to defend or indemnity

17   COMAC as a matter of law in the Underlying Action.

18
          3.    Pursuant to the court's Order on the Motion for Partial Summary Judgment of
19
     ZSLL, ZSLL does not have and never did have a duty to defend or indemnify COMAC
20
     against the claims made in the Underlying Action .
21

22        4.    COMAC and PORTOLA waive all rights to appeal, or otherwise challenge or

23   contest the validity of this Order.

24

25        5.    ZSLL hereby waives any claim for litigation costs or litigation fees against

26   COMAC and PORTOLA.

27   ///

28
                                        3
     STIPULATION AND [PROPOSED] ORDER                              3:16-cv-00863-SI
     FOR ENTRY OF JUDGMENT AND DISMISSAL

6.    COMAC agrees to waive any claim for litigation costs or litigation fees against ZSLL.

7.    SIRIUS agrees to waive all litigation costs or litigation fees against ZSLL.

8.    Each party shall bear its own attorneys' fees.

9.    The Third, Fourth, Fifth and Sixth Causes of Action are hereby dismissed with prejudice and judgment is entered on the First and Second Causes of Action pursuant to the court's Order on the Motion for Partial Summary Judgment attached hereto as Exhibit 1.

**IT IS SO STIPULATED.**

Dated: 11/30/2016                        GRIMM, VRANJES & GREER LLP


                                         By: _____
                                         Mark Vranjes
                                         Charles A. Phillips
                                         Attorneys for Plaintiff Swiss Re International
                                         Se, Successor In Interest To Zurich Specialties
                                         London, Ltd


Dated: 11/30/16                          CODDINGTON, HICKS & DANFORTH

                                         By: _____
                                         Richard Grotch
                                         Alyssa T. Dang
                                         Attorneys For Defendant Sirius America
                                         Insurance Company As Successor In Interest To
                                         Mutual Service Casualty Ins.Co.

4

1  Dated:  11-30-2016                        CRAIGIE, MCCARTHY & CLOW

2

3                                       By: _____

4                                            Peter W. Craigie
                                             Attorneys for Defendant
5                                            Comac Investments,
                                             Inc.
6

7

8  Dated:                                     KASDAN, LIPPSMITH WEBER TURNER

9

10                                      By: _____

11                                           Michael T. Kennedy, Jr.
                                             Kara L. Wild
12                                           Attorneys for Defendant 200-298 Portola Drive
                                             Homeowners Association
13

14

15     **SO ORDERED.**

16

17                     12/5/16

18                                           _____
                                             Honorable Susan Illston
19                                           United States Senior District Judge

20

21

22

23

24

25
       W:\Cases\2168460\PLD\STIP\01775244.DOCX
26

27

28
                                        5

1   Dated:                                    CRAIGIE, MCCARTHY & CLOW

2

3                                             By:

4                                                  Peter W. Craigie
                                                   Attorneys for Defendant
5                                                  Comac Investments,
                                                   Inc.
6

7

8   Dated: 11/30/16                           KASDAN, LIPPSMITH WEBER TURNER

9

10                                            By:

11                                                 Michael T. Kennedy, Jr.
                                                   Kara L. Wild
12                                                 Attorneys for Defendant 200-298 Portola Drive
                                                   Homeowners Association
13

14

15      **SO ORDERED.**

16

17

18

19                                            Honorable Susan Illston
                                              United States Senior District Judge
20

21

22

23

24

25      W:\Cases\2168460\PLD\STIP\01775244.DOCX

26

27

28
                                              5
        STIPULATION AND [PROPOSED] ORDER                              3:16-cv-00863-SI
        FOR ENTRY OF JUDGMENT AND DISMISSAL

**EXHIBIT 1**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWISS RE INTERNATIONAL SE, SUCCESSOR IN INTEREST TO ZURICH SPECIALTIES LONDON, LTD., | Case No. 16-cv-00863-SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| v. | |
| COMAC INVESTMENTS, INC., *et al.*, | Re: Dkt. Nos. 32, 36, 38 |
| Defendants. | |

On September 2, 2016, the Court held a hearing on plaintiff's motion for partial summary judgment. For the reasons set forth below, the Court GRANTS the motion.

## BACKGROUND

Plaintiff Swiss Re International SE ("SRI"), successor in interest to Zurich Specialties London, Ltd. ("ZSLL") (hereinafter, SRI and ZSLL are jointly referred to as "ZSLL"), filed this lawsuit seeking declaratory relief concerning its duty to defend and indemnify defendant Comac Investments, Inc. ("Comac") under four commercial liability insurance policies ZSLL issued to Comac covering the time period of June 19, 1998 through June 19, 2002. This declaratory relief action arises from an underlying case filed on August 14, 2014 entitled *200-298 Portola Drive Homeowners' Association v. Comac Investments, Inc.*, San Francisco Superior Court Case No. CGC-14-541154 ("Underlying Action"). Dkt. No. 33-3.[1] In the Underlying Action, Portola Drive Homeowners' Association ("Association") seeks in excess of $5 million in damages for numerous

---

[1] The Court GRANTS plaintiff's request for judicial notice of the state court documents.

United States District Court
Northern District of California

Case 3:16-cv-00863-SI   Document 44   Filed 09/27/16   Page 2 of 13

1    construction defects at a development of 23 units and 7 townhomes (the "subject premises"). The

2    alleged construction defects include reverse sloped decks, negative sloping of wall caps, open roof

3    eaves, and lack of sealant on lag bolts. Dkt. No. 33-6 at ¶¶ 30, 37, 42, 47, 101. The Association

4    alleges that these construction defects have resulted in significant water damage and flooding to

5    the subject premises. *Id.* Construction of the subject premises was completed in 1996. *Id.* at ¶ 28.

6           Pursuant to California Code of Civil Procedure § 337.15, latent construction defect claims

7    are subject to a ten-year statute of repose, which commences upon substantial completion of the

8    construction. Cal. Code Civ. Proc. § 337.15. The statute of repose is not subject to equitable

9    tolling. *See Lantzy v. Centex Homes*, 31 Cal. 4th 363, 367 (2003). The only exception to the

10   statute of repose is provided in subsection (f), which allows for "actions based on willful

11   misconduct or fraudulent concealment" after the ten years have run. To avoid the ten-year statute

12   of repose, the Association's first amended complaint in the Underlying Action alleges, *inter alia*,

13   that the construction defects "would have been observable by any knowledgeable contractor or

14   supervisor, [and that] any contractor who chose not to remedy them would be doing so with actual

15   or constructive knowledge that injury was a probable result." Dkt. No. 33-6 at ¶¶ 53, 55.

16          In the Underlying Action, ZSLL is representing Comac subject to a complete reservation

17   of rights. ZSLL reserved the right to assert that the terms of the insurance policies were not met,

18   and that the Underlying Action was subject to the "expected or intended injury" policy exclusion

19   and/or Cal. Ins. Code § 533, which precludes insurer liability for willful acts of insureds. ZSLL

20   also reserved the right to file this action for declaratory relief and/or seek reimbursement of

21   expenditures in the defense of the Underlying Action. The defendants in this case are Comac, the

22   general contractor and/or developer for the subject premises; the Association; and Sirius America

23   Insurance Company ("Sirius"), successor in interest to Mutual Service Casualty Insurance

24   Company ("MSCI"), which also issued commercial liability insurance policies to Comac. Dkt.

25   No. 1 at ¶¶ 4, 13. Sirius filed a Notice of Non-Opposition to ZSLL's Motion for Partial Summary

26   Judgment. Dkt. No. 35. Comac filed a Notice of Joinder in the Association's Opposition. Dkt.

27

28

United States District Court
Northern District of California

No. 37.[2]

ZSLL's complaint alleges the following causes of action: (1) declaratory relief that ZSLL does not have, and never did have, a duty to defend Comac in the Underlying Action as a matter of law; (2) declaratory relief that ZSLL does not have a duty to indemnify Comac in the Underlying Action as a matter of law; (3) reimbursement for fees and costs ZSLL has incurred to defend Comac for non-covered claims; (4) equitable contribution from Sirius in the event this Court determines ZSLL has an obligation to defend and/or indemnify Comac in the Underlying Action; (5) equitable subrogation from Sirius in the event this Court determines ZSLL has an obligation to defend and/or indemnify Comac in the Underlying Action; and (6) declaratory relief that Sirius is obligated to defend and indemnify Comac equally with ZSLL. Dkt. No. 1 at ¶¶ 39-72.

## I.   Terms of the Policy

The policy's liability insuring clause for property damage provides as follows:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
> > (1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and
> >
> > (2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.
>
> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS – COVERAGES A AND B.

---

[2]   ZSLL asserts that in the related case *Sirius America Ins. Co. v. Comac*, 3:15-cv-03462 SI, Sirius and Comac disputed whether Sirius had a duty to defend and/or indemnify Comac in the same Underlying Action under a "nearly identical" policy that MCSI had issued to Comac. The Association was not a party to that case. In response to a motion for summary judgment in the *Sirius* action, the parties reached a settlement and Comac stipulated there was no coverage under the policies and Comac acknowledged Sirius never had a duty to defend or indemnify Comac in the Underlying Action. Dkt. Nos. 31, 32 in 3:15-cv-03462 SI.

United States District Court
Northern District of California

b. This insurance applies to "bodily injury" and "property damage" only if:

> (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

> (2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

Dkt. No. 33-7 at 8. The word "occurrence" is defined in Section V as follows:

> 12. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

*Id.* at 19. The "expected or intended injury" exclusion in Coverage A, which covers bodily injury and property damages liability, states in relevant part:

> **2. Exclusions**
>
> This insurance does not apply to:
>
> a. **Expected or Intended Injury**
>
> > "Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property. *Id.* at 8

## II.    The Underlying Action

On August 14, 2014, the Association filed the Underlying Action against Comac in San Francisco County Superior Court, alleging Comac's responsibility for construction defects at the subject premises. On August 25, 2015, the Association filed its First Amended Complaint. In the First Amended Complaint, the Association alleges that Comac's Responsible Managing Officer ("RMO"), Brian Gerard McEvoy, observed defective workmanship of the subcontractors working on the subject premises, but did not correct the defects in order to not incur additional costs. Dkt. No. 33-6 at ¶¶ 33-55. Among the Association's allegations are:

> 33. BRIAN GERARD MCEVOY observed the reverse slope of the joists and substrate in discharge of his responsibilities to exercise direct supervision and control pursuant to *California Business & Professions Code* § 7068.1 as Qualify Partner of the General Contractor, JBM&K and RMO of the builder, COMAC.

United States District Court
Northern District of California

. . . .

35. BRIAN GERARD MCEVOY, charged with supervising actual construction, making technical and administrative decisions, checking jobs for proper workmanship, and direct supervision on construction job sites pursuant to *California Code of Regulations* §823(b), made the decision not to incur the cost to correct the reverse slope condition, but rather directed that that condition be covered up by placement of the mortar bed and tile. The decision was made in order to maximize profit for COMAC, developer of the project, of which he was a partner.

36. Because of that decision to avoid the cost of remedying this improper workmanship, the reverse slope of the joists and substrate was invisible once the mortar bed and tile were placed. Once COMAC decided to cover up this defect, it was not discoverable by regular visual inspections, which were properly conducted by Plaintiff pursuant to *California Civil Code* § 5550(a).

*Id.* at ¶¶ 33, 35-36. The Association further alleges:

53. As the above conditions would have been observable by any knowledgeable contractor or supervisor, any contractor who chose not to remedy them would be doing so with actual or constructive knowledge that injury was a probable result. Likewise, any knowledgeable construction supervisor who chose not to direct the contractor to remedy the condition would have done so with actual or constructive knowledge that injury was a probable result.

. . . .

55. The actions of Defendant COMAC INVESTMENTS, INC., and other DEVELOPER DEFENDANTS, JBM&K CONSTRUCTION, and DOES 1 through 500 and BRIAN GERARD MCEVOY amount to reckless disregard and/or willful misconduct as defined by *California Code of Civil Procedure* § 337.15(f) and *Acosta v. Glenfed Development Corp.*, 128 Cal. App. 4th 1278 (2005).

*Id.* at ¶¶ 53, 55.

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party, however, has no burden to produce evidence showing the absence of a genuine issue of material fact. *Id.* at 325. Rather, the burden on the moving party may be discharged by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Id.*

1    Once the moving party has met its burden, the burden shifts to the non-moving party to

2    "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then

3    Fed. R. Civ. P. 56(e)).  To carry this burden, the non-moving party must "do more than simply

4    show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,*

5    *Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "The mere existence of a scintilla of

6    evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find

7    for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

8    In deciding a summary judgment motion, the evidence of the non-movant is to be believed,

9    and all justifiable inferences are to be drawn in his favor. *Id.* at 255.  "Credibility determinations,

10    the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury

11    functions, not those of a judge . . . ruling on a motion for summary judgment . . . ." *Id.*  However,

12    conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine

13    issues of fact and defeat summary judgment.  *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec.*

14    *Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).  The evidence the parties present must be admissible.

15    Fed. R. Civ. P. 56(c)(4).

16

17                            **DISCUSSION**

18    ZSLL contends that it does not have a duty to defend or indemnify Comac in the

19    Underlying Action because (1) Comac's alleged willful misconduct cannot constitute an

20    "accident" under the policies, and (2) the policies exclude property damage "expected or intended

21    from the standpoint of the insured."  Relatedly, ZSLL contends that there is no coverage for

22    willful acts, which are precluded from coverage in California under Cal. Ins. Code § 533.

23    "To prevail in an action seeking declaratory relief on the question of the duty to defend,

24    'the insured must prove the existence of a potential for coverage, while the insurer must establish

25    the absence of any such potential.  In other words, the insured need only show that the underlying

26    claim may fall within policy coverage; the insurer must prove it cannot.'" *Delgado v.*

27    *Interinsurance Exchange of the Automobile Club of So. California*, 47 Cal.4th 302, 308 (2009)

28    (quoting *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th at 287, 300 (1993)).  "The duty to

United States District Court
Northern District of California

6

1    defend exists if the insurer 'becomes aware of, or if the third party lawsuit pleads, facts giving rise

2    to the potential for coverage under the insuring agreement.'"   *Id.* (quoting *Waller v. Truck Ins.*

3    *Exchange, Inc.*, 11 Cal.4th 1, 19 (1995)).

4

5    **I.    "Accident"**

6          The ZSLL policies require that "[t]he . . . 'property damage' must be caused by an

7    'occurrence,'" which is defined as "an accident, including continuous or repeated exposure to

8    substantially the same general harmful conditions."  ZSLL argues that there is no coverage for the

9    Underlying Action because the Association's complaint alleges willful misconduct, which by

10   definition cannot be an "accident."   ZSLL argues that insurance protects against contingent or

11   unknown risks, and intentional acts are deemed purposeful, not accidental.  ZSLL argues that the

12   allegations that Comac intentionally covered up specific construction defects to avoid the cost of

13   fixing them during construction cannot be labeled as "accidental," and thus there is no coverage.

14         The Association argues that the Association's complaint in the Underlying Action does

15   allege an "accident" because the Association does not allege that Comac's principal McEvoy

16   intended or expected to cause damage.  The Association asserts that the cases cited by ZSLL are

17   all distinguishable because they either involved the insured committing fraud or making

18   misrepresentations, or insureds engaging in behavior which they intended to cause harm.

19         "An intentional act is not an 'accident' within the plain meaning of the word."   *Royal*

20   *Globe Ins. Co. v. Whitaker*, 181 Cal.App.3d 532, 537 (1986).  "Under California law, the word

21   'accident' in the coverage clause of a liability policy refers to the conduct of the insured for which

22   liability is sought to be imposed on the insured."  *Delgado*, 47 Cal. 4th at 311.  "An accident does

23   not happen when the insured performs a deliberate act unless some additional, unexpected,

24   independent, and unforeseen happening occurs that produces the damage."  *Fire Ins. Exchange v.*

25   *Superior Court (Bourguignon)*, 181 Cal.App.4th 388, 392 (2010) (holding that "building a

26   structure that encroaches onto another's property is not an accident even if the owners acted in the

27   good faith but mistaken belief that they were legally entitled to build where they did").  "Where

28   the insured intended all of the acts that resulted in the victim's injury, the event may not be

United States District Court
Northern District of California

7

United States District Court
Northern District of California

1    deemed an 'accident' merely because the insured did not intend to cause injury.  The insured's

2    subjective intent is irrelevant."  *Id.* at 392 (internal citations omitted).  "That does not mean,

3    however, that coverage is always precluded merely because the insured acted intentionally and the

4    victim was injured."  *State Farm Gen. Ins. Co. v. Frake*, 197 Cal.App.4th 568, 580 (2011)

5    (internal quotation marks omitted).  "Rather, an accident may exist 'when any aspect in the causal

6    series of events leading to the injury or damage was unintended by the insured and a matter of

7    fortuity.'"  *Id.* (quoting *Merced Mut. Ins. Co. v. Mendez*, 213 Cal.App.3d 41, 50 (1989)).

8         The Court concludes that the Association's complaint in the Underlying Action alleges that

9    the property damage is the result of intentional actions by Comac's principal, and thus that the

10   property damage is not caused by an "accident."  The Association alleges that Comac's principal

11   intentionally covered up various construction defects rather than correcting them in order to

12   maximize profits for Comac, that "any contractor who chose not to remedy [the defects] would be

13   doing so with actual or constructive knowledge that injury was a probable result," and that the

14   property was in fact damaged as a result of the failure to correct the defects.  *See* Dkt. No. 33-6

15   ¶¶ 30-53. The Association does not allege that there were any intervening, unexpected causes of

16   the alleged property damage, but rather that Comac's deliberate acts caused the property damage.

17        The Association argues that the property damage qualifies as an "accident" because the

18   Underlying Action does not allege that Comac intended to cause any property damage.  However,

19   the cases cited by both parties consistently hold that "the term 'accident' does not apply where an

20   intentional act resulted in unintended harm."  *Frake*, 197 Cal.App.4th at 582 (discussing

21   California law and holding that there was no "accident" when the insured intentionally struck his

22   friend in the groin, even though the insured did not intend to cause injury); *Merced*, 213

23   Cal.App.3d at 48 ("[A]ppellants contend an accident occurs even if the acts causing the alleged

24   damage were intentional as long as the resulting damage was not intended.  The argument urged

25   by appellants has been repeatedly rejected by the appellate courts"); *Quan v. Truck Ins. Exch.*, 67

26   Cal.App.4th 583, 599 (1998) ("[W]hether the insured intended the harm that resulted from his

27   conduct is not determinative. The question is whether an accident gave rise to claimant's

28   injuries").

United States District Court
Northern District of California

1

2    **II.    "Expected or intended" exclusion and Cal. Ins. Code § 533**

3         ZSLL also argues that Comac's alleged willful misconduct is subject to the policy's

4    exclusion for property damage "expected or intended from the standpoint of the insured," as well

5    as Cal. Insurance Code § 533, which prohibits indemnification for the willful acts of an insured.

6         Cal. Ins. Code § 533 provides,

7         An insurer is not liable for a loss caused by the wilful act of the insured; but he is
     not exonerated by the negligence of the insured, or of the insured's agents or
8         others.

9    Cal. Ins. Code § 533.[3]  A clause excluding intentional injury is treated as having the same meaning

10   as the language in § 533.  *Delgado*, 47 Cal.4th at 313-14.

11        ZSLL relies on *Acosta v. Glenfed Dev. Corp.*, 128 Cal.App.4th 1278 (2005), in which the

12   Court of Appeal addressed the nature of "willful misconduct" under Cal. Code of Civil Proc.

13   § 337.15(f), the statute of repose.  In *Acosta*, the plaintiff homeowners alleged that the defendant

14   developers and general contractors improperly prepared the soil and concrete foundations upon

15   which their homes were constructed.  *Id.* at 1287.  The plaintiffs alleged that the structural framing

16   in the houses was so negligently constructed as to constitute defective and dangerous conditions,

17   and that as a result, substantial latent defects existed in the houses.  *Id.*  In order to avoid the ten-

18   year statute of repose under § 337.15, the plaintiffs alleged that the acts and omissions that caused

19   the defects were the result of the defendants' willful misconduct.  *Id.*

20        The Court of Appeal reversed summary judgment in favor of the defendants, holding that

21   the plaintiff homeowners had created a triable issue regarding the application of the willful

22   misconduct exception because they had submitted expert declarations opining that the defects

23   "appeared to be the result of willful misconduct by defendants in that they were 'so serious and

24   prevalent that they were either the result of [a] deliberate decision to cut corners for cost savings

25   or the result of a near total, virtually reckless, failure by the developer to adequately supervise

26

27        [3] The Court notes the difference in spelling between "wilful" under Cal. Ins. Code § 533
28   and "willful" under Cal. Code Civ. Proc. § 337.15(f).  In the interest of consistency, the Court will
     use the "willful" spelling unless quoting from the statute or a case using the "willful" spelling.

subcontractors.'" *Id.* at 1289 (quoting expert reports).  In reaching its conclusion, the Court of

Appeal discussed what constituted "willful misconduct" under Cal. Code of Civil Proc.

§ 337.15(f):

> Unfortunately, there is little case authority discussing willful misconduct as the
> term is used in section 337.15, subdivision (f).  The Supreme Court, however, did
> recently discuss generally the issue of liability for willful or wanton behavior.
> (*Calvillo–Silva v. Home Grocery* (1998) 19 Cal.4th 714, 80 Cal.Rptr.2d 506, 968
> P.2d 65, *disapproved on another ground in Aguilar, supra*, 25 Cal.4th at p. 853,
> 107 Cal.Rptr.2d 841, 24 P.3d 493, fn. 19 [*Calvillo–Silva*].)  It noted that "the case
> law appears relatively uniform on the following points.  First, it is generally
> recognized that willful or wanton misconduct is separate and distinct from
> negligence, involving different principles of liability and different defenses.
> [Citations.]  Unlike negligence, which implies a failure to use ordinary care, and
> even gross negligence, which connotes such a lack of care as may be presumed to
> indicate a passive and indifferent attitude toward results, willful misconduct is not
> marked by a mere absence of care.  Rather, it involves a more positive intent
> actually to harm another or to do an act with a positive, active and absolute
> disregard of its consequences. [Citations.]  So, for example, a person who commits
> an assault and battery may be guilty of willful misconduct [citations], but a person
> who fails to perform a statutory duty, without more, is not guilty. [Citations.]
> While the word willful implies an intent, the intention must relate to the
> misconduct and not merely to the fact that some act was intentionally done.
> [Citations.]  Thus, even though some cases of negligence may involve intentional
> actions, the mere intent to do an act which constitutes negligence is not enough to
> establish willful misconduct. [Citations.] [¶]  Second, willfulness generally is
> marked by three characteristics: (1) actual or constructive knowledge of the peril to
> be apprehended; (2) actual or constructive knowledge that injury is a probable, as
> opposed to a possible, result of the danger; and (3) conscious failure to act to avoid
> the peril. [Citations.]  As the foregoing suggests, willful misconduct does not
> invariably entail a subjective intent to injure.  It is sufficient that a reasonable
> person under the same or similar circumstances would be aware of the highly
> dangerous character of his or her conduct. [Citations.]" (*Calvillo–Silva, supra*, at
> pp. 729–730, 80 Cal.Rptr.2d 506, 968 P.2d 65; *see also Ewing v. Cloverleaf Bowl,
> supra*, 20 Cal.3d at p. 402, 143 Cal.Rptr. 13, 572 P.2d 1155; *Shell Oil Co. v.
> Winterthur Swiss Ins. Co.* (1993) 12 Cal.App.4th 715, 742–743, 15 Cal.Rptr.2d
> 815.)

*Id.* at 1294-95.

The Association argues that *Acosta* is inapposite because that case discusses "willful

misconduct" under Cal. Code Civ. Proc. § 337.15(f), and does not address willfulness under Cal.

Ins. Code § 533. The Association argues that the standard for committing a "willful act" pursuant

to § 533 is higher than the standard for "willful misconduct" under § 337.15(f) because § 533

requires a subjective intent to harm, whereas it is sufficient for "willful misconduct" under

§ 337.15(f) that a reasonable person under the same or similar circumstances would be aware of

the highly dangerous character of his or her conduct.

1    The Association relies on *Clemmer v. Hartford Life Insurance Company*, 22 Cal.3d 865,

2  887 (1978), to contend that for an act to be "willful" pursuant to § 533, the insured must not only

3  have intended the act that caused the harm, but must also have had a "preconceived design to

4  inflict injury." In *Clemmer*, the widow and minor son of a murder victim sued to recover from the

5  slayer's insurer the amount of a wrongful death judgment they had previously obtained against the

6  slayer. *Id.* at 871-72. The insurance company defended the action on the ground that the killing

7  of the deceased was a "willful act" and thus excluded from coverage under § 533. *Id.* at 872. The

8  *Clemmer* court held that even an act which is "intentional" or "willful" within the meaning of

9  traditional tort principles will not exonerate the insurer from liability under § 533 unless it is done

10  with a "preconceived design to inflict injury." *Id.* at 887.

11    However, as the California Supreme Court later explained in *J.C. Penney Casualty*

12  *Insurance Company v. M.K.*, 52 Cal.3d 1009 (1991), "[t]he brief reference in *Clemmer* to a

13  'preconceived design to inflict injury' must be read in context. The inquiry in *Clemmer* was

14  limited to the unresolved mental capacity of the insured, i.e., whether he was legally sane when he

15  committed the killing. There was no issue as to whether the insured intended to shoot his victim

16  five times (including once in the head at close range) but not to harm the victim." *Id.* at 1023. The

17  "preconceived design to inflict harm" requirement in *Clemmer* was thus only relevant to the issue

18  of whether the insured intended to commit a wrongful act and does not apply "when the insured

19  seeks coverage for an intentional and wrongful act if the harm is inherent in the act itself." *Id.* at

20  1025. "Subsequent decisions have made clear that the 'preconceived design to injure' standard is

21  relevant only when the insured's mental capacity is an issue or the insured's intent or motive

22  might justify an otherwise wrongful act." *Downey Venture v. LMI Ins. Co.*, 66 Cal. App. 4th 478,

23  500 (1998) (discussing *Clemmer* and subsequent cases).

24    In *Downey Venture*, the California Court of Appeal held that "[a] 'wilful act' under section

25  533 will include either 'an act deliberately done for the express purpose of causing damage or

26  intentionally performed with knowledge that damage is highly probable or substantially certain to

27  result.' It also appears that a wilful act includes an intentional and wrongful act in which '. . . the

28  harm is inherent in the act itself.'" *Downey Venture*, 66 Cal. App. 4th at 500 (quoting *Shell Oil*

United States District Court
Northern District of California

11

1    *Co. v. Winterthur Swiss Ins. Co.*, 12 Cal.App.4th 715, 742 (1993), and *J.C. Penney*, 52 Cal.3d at

2    1025)). This standard is not meaningfully different from the *Acosta* court's articulation of "willful

3    misconduct" under § 337.15(f) as "involv[ing] a more positive intent actually to harm another or

4    to do an act with a positive, active and absolute disregard of its consequences" and "not invariably

5    entail[ing] a subjective intent to injure. It is sufficient that a reasonable person under the same or

6    similar circumstances would be aware of the highly dangerous character of his or her conduct."

7    *Acosta*, 128 Cal.App.4th at 1294-95.

8         The Court concludes that the Association's allegations of Comac's willful misconduct

9    bring the Underlying Action within the scope of the "intended or expected" exclusion and Cal. Ins.

10   Code § 533.   The Association alleges in the Underlying Action that the construction defects

11   would have been observable by any knowledgeable contractor or supervisor and "any contractor

12   who chose not to remedy [the defects] would be doing so with actual or constructive knowledge

13   that injury was a probable result" and "any knowledgeable construction supervisor who chose not

14   to direct the contractor to remedy the condition would have done so with actual or constructive

15   knowledge that injury was a probable result." Dkt. No. 33-6 at ¶ 53. Under § 533, willful acts

16   include those "intentionally performed with knowledge that damage is highly probable or

17   substantially certain to result," not merely acts performed with the intent to cause injury. *Downey

18   Venture*, 66 Cal. App. 4th at 500; *see also Shell Oil Co. v. Winterthur Swiss Ins. Co.*, 12

19   Cal.App.4th 715, 746 (1993) (holding policy language excluding coverage for damage that is

20   "expected or intended" "connotes subjective knowledge of or belief in an event's probability. We

21   see no material difference if the degree of that probability is expressed as substantially certain,

22   practically certain, highly likely, or highly probable.").

27   ///
     ///

28   ///

12

United States District Court
Northern District of California

**CONCLUSION**

Accordingly, the Court concludes that ZSLL has no duty to defend or indemnify Comac in the Underlying Action, and therefore the Court GRANTS plaintiff's motion for partial summary judgment.

**IT IS SO ORDERED.**

Dated: September 27, 2016

SUSAN ILLSTON
United States District Judge

13

1  GRIMM, VRANJES & GREER LLP
   550 West C Street, Suite 1100
2  San Diego, California 92101
   TEL: (619) 231-8802; FAX: (619) 233-6039
3
4  Attorneys for Plaintiff
   Swiss Re International SE, Successor in Interest to Zurich Specialties Londaon, LTD
5  (Hereinafter ZSLL)

6  *ZSLL v. Comac*                                              Case No. 3:16-cv-00863 SI

7                    DECLARATION OF SERVICE

8         I declare that I am over the age of 18 years and not a party to the case; I am employed
   in the County of San Diego, California, where the mailing occurs; and my business address is
9  550 West C Street, Suite 1100, San Diego, California  92101.  I further declare that I am
   readily familiar with the business' practice for collection and processing of correspondence for
10 mailing with the United States Postal Service; and that the correspondence shall be deposited
   with the United States Postal Service this same day in the ordinary course of business.  I
11 caused to be served the following document(s):

12 STIPULATION AND [PROPOSED] ORDER FOR ENTRY OF JUDGMENT AND
   DISMISSAL WITH PREJUDICE
13
14                       **SEE ATTACHED SERVICE LIST**

15 | ☐ | BY MAIL:  By placing a true copy of the above-listed document(s) in a separate envelope addressed to each addressee, respectively, as indicated above on  November 30, 2016. |

16

17 | ☐ | BY PERSONAL SERVICE:  I placed a true copy of the above-listed document(s) in a separate envelope addressed to each addressee, respectively, as indicated above and had such envelope personally delivered to the offices of the addressee on  . |

18

19 | ☐ | BY EMAIL:  By electronically sending a copy of the document(s) listed above to the parties' email addresses listed below on  . |

20 | ☒ | BY CM/ECF:   I caused the above-listed document(s) to be served electronically, pursuant to the U.S. District Court's Electronic Case Filing Program, on November 30, 2016  to those parties who have registered to become an e-filer. |

21

22 | ☒ | (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

23

24     Executed on November 30, 2016 at San Diego, California.

25

26

27                                       _____
                                          Faith E. Conseur
28

ZSLL v. Comac
Case No.: 3:16-cv-00863 SI
Judge: Honorable Susan Illston
GVG File No: 216-8460

## <u>SERVICE LIST</u>

| | |
|---|---|
| **<u>Attorneys For Defendant Sirius America Insurance Company As Successor In Interest To Mutual Service Casualty Ins.Co.</u>**<br><br>Richard Grotch, Esq.<br>Alyssa T. Dang, Esq.<br>Coddington, Hicks & Danforth<br>555 Twin Dolphin Drive, Suite 300<br>Redwood City, CA 94065<br>Phone: (650) 592-5400<br>Fax: (650) 592-5027<br>Email: adang@chdlawyers.com<br>Email: rgrotch@chdlawyers.com | |
| **<u>Attorneys for Defendant Comac Investments, Inc.</u>**<br>Peter W. Craigie<br>Craigie, McCarthy & Clow<br>540 Pacific Avenue<br>San Francisco, California 94133<br>Telephone: 415-732-7788<br>Facsimile: 415-732-7783<br>E-mail: peter@cmclawpartners.com | |
| **<u>Attorneys for Defendant 200-298 Portola Drive Homeowners Association</u>**<br>Michael T. Kennedy, Jr.<br>Kara L. Wild<br>Kasdan, LippSmith Weber Turner LLP<br>1990 N. California Boulevard, Suite 1060<br>Walnut Creek, CA. 94596<br>Office: (925) 906-9220 | Fax :(925) 906-9221<br>E-mail: mkennedy@kasdancdlaw.com | |